# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Linda Loraine Stidard<br>　　　　　　　　　Debtors<br><br>Natalie Lutz Cardiello, Trustee<br>　　　　　　　　　Movant<br><br>　　　vs.<br><br>Quicken Loans Inc., et al.<br>　　　　　　　　　Respondents | Case No. 20-21512-TPA<br><br>Chapter 7<br><br>Related to Doc. 24<br><br>Hearing Date: 9/24/20 @ 11:30 a.m. |

### LIMITED OBJECTION OF QUICKEN LOANS LLC, fka QUICKEN LOANS INC., TO THE TRUSTEE'S MOTION TO SELL REAL ESTATE FREE AND CLEAR OF THIRD PARTY INTERESTS, LIENS, CLAIMS, CHARGES AND/OR ENCUMBRANCES

Quicken Loans LLC, fka Quicken Loans Inc. ("Respondent"), by and through its undersigned counsel, files the within Limited Objection to the Trustee's Motion to Sell Real Estate Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances, and asserts in support of its Response as follows:

1. Respondent is a creditor whose claim is secured by a first mortgage on Debtor's property at 100 Nivens Lane, Elizabeth, PA 15037.

2. The Trustee has filed a motion to sell the 100 Nivens Lane property free and divested of liens. (Doc. 24).

3. In order for the property to be sold free and clear of liens the requirements of 11 U.S.C. § 363(f) must be satisfied. That section provides that:

> **(f)** The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
> **(1)** applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> **(2)** such entity consents;
> **(3)** such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> **(4)** such interest is in bona fide dispute; or
> **(5)** such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

4. Pursuant to § 363(f), the sale must produce proceeds to pay all liens in full.

5. The Trustee's motion acknowledges that Respondent holds the first mortgage lien against the property, but the neither the motion nor the proposed order explicitly state that Respondent's lien must be paid in full at closing.

6. Respondent files the within Limited Objection to confirm that Respondent does not oppose the Trustee's motion to sell the property so long as Respondent's lien is paid in full at closing.

7. Respondent requests that the order approving the sale be modified to require that Respondent's first mortgage lien shall be paid in full at the closing.

WHEREFORE, the Respondent, Quicken Loans LLC, fka Quicken Loans Inc., prays that the Court's order approving Trustee's motion to sell property requires that Respondent's lien shall be paid in full at closing, consistent with the above Response.

Respectfully submitted,
By: */s/ James C. Warmbrodt, Esquire*
James C. Warmbrodt, Esquire
PA ID 42524
jwarmbrodt@kmllawgroup.com
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA  19106
215-627-1322
Attorney for Respondent