TPA Form 026
Revised: 6/11/12

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 20-21512-TPA |
| LINDA LORRAINE STIDARD | : | Chapter 7 |
| *Debtor* | : | |
| Natalie Lutz Cardiello, Trustee | : | |
| Movant | : | |
| v. | : | |
| United States of America, Internal Revenue Service; Commonwealth of Pennsylvania, Department of Revenue; County of Allegheny; Jordan Tax Service; Forward Township; Keystone Collections Group; Elizabeth Forward School District; MBM Collections and Quicken Loans, Inc. | : | |
| Respondents | : | |

## ORDER CONFIRMING SALE OF PROPERTY
## FREE AND DIVESTED OF LIENS

*AND NOW*, this _____ day of _____ 2020, on consideration of the *Trustee's Motion to Sell Real Estate Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances* filed at Document No. 24 to Nathan Bertok and Shalyn Patterson for *$131,000*, after hearing held in Courtroom C, 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh, PA this date, the Court finds:

(1) That service of the *Notice of Hearing* and *Order* setting hearing on said *Motion/Complaint* for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said *Motion/Complaint* for private sale, viz:

| DATE OF SERVICE | NAME OF LIENOR AND SECURITY |
|---|---|
| **August 28, 2020** | **Allegheny County** (Current and Past Due Real Estate Taxes) |
| **August 28, 2020** | **Forward Township** (Current and Past Due Real Estate Taxes) |

| | |
|---|---|
| **August 28, 2020** | **Elizabeth Forward School District** (Current and Past Due Real Estate Taxes) |
| **August 28, 2020** | **Quicken Loans, Inc.** (First mortgage in the amount of $101,550 in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Quicken Loans, Inc. recorded on February 10, 2017 in the Office of the Recorder of Deeds of Allegheny County in Mortgage Book Volume 47558, Page 65.) |

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

(3) That said sale hearing was duly advertised on the Court's website pursuant to *W. PA LBR 6004-1(c)(2)* on <u>August 27, 2020</u> in *the Pittsburgh Post-Gazette* on <u>September 3, 2020</u> and in the *Pittsburgh Legal Journal* on <u>September 9, 2020</u>, as shown by the Proof of Publications duly filed.

(4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $131,000 offered by Nathan Bertok and Shalyn Patterson is a full and fair price for the property in question.

(6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with In re Abbotts Dairies of Pennsylvania, Inc., 788 F2d. 143 (3d Cir. 1986).

**NOW THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as *100 Nivens Ln, Elizabeth, PA 15037* is hereby **CONFIRMED** to Nathan Bertok and Shalyn Patterson for $131,000, free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is **FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is **FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this *Order*. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(a)   The first mortgage of Quicken Loans, Inc. in the amount of $101,550 (plus or minus any escrow, adjustments or other refunds up to the amount of its lien);

     (b)    Current real estate taxes, pro-rated to the date of closing;

     (c)    Outstanding water and sewage charges, plus interest and penalties, if any, through the date of closing, plus any escrow amounts required by the closing agent;

     (d)    The Court approved realtor commission in the amount of $7,860;

     (e)    Settlement fees and expenses, including wire transfer fees, courier fees, overnight mail fees, lien letter fees, etc.;

     (f)    Transfer taxes in the amount of $1,310;

     (g)    A carve out from the Debtors' exemption in the amount of $7,500 to the bankruptcy estate; and

     (h)    All remaining sums to the Debtor up to the amount of her claimed exemption. Any excess funds shall be paid to the bankruptcy estate.

Such funds shall be held by the Trustee until further Order of Court, after notice and hearing.

It is **FURTHER ORDERED** that:

(1)    ***Within seven (7) days of the date of this Order***, the Movant shall serve a copy of the within *Order* on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2)    ***Closing shall occur within thirty (30) days of this Order***.

(3)    ***Within seven (7) days following closing,*** the Movant/Plaintiff shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4)    This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

(5)    The stay imposed by Bankruptcy Rule 6004(h) is waived.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court